IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBBIE ANN SMITH**                                                                      **PLAINTIFF**

**V.**                                                                                **NO. 3:17CV0049-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                 **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ erred at step two of the sequential evaluation process in this case by failing to recognize the claimant's bilateral ankle condition, right hip condition, and right upper extremity condition as "medically determinable impairments" in view of the claimant's subjective complaints and the objective medical evidence in the record. Further, the ALJ failed to consider the evidence of peripheral vascular disease ("PVD") found by Dr. William Hand, the state agency medical consultant. Though this condition was indicated on "Authorization for Consultative Examination" forms[1], there is no mention of it in the ALJ's decision. All of the

---

[1] *See, e.g.*, Exhibit 9F of the administrative transcript.

ALJ's findings and conclusions with respect to the claimant's alcohol abuse condition are affirmed, however.

On remand, the ALJ must consider the claimant's bilateral ankle condition, right upper extremity condition, and right hip condition as medically determinable impairments and properly evaluate them within the sequential evaluation process. The ALJ must also consider and fully and fairly develop the record with regard to the PVD evidence found by Dr. Hand and likewise properly evaluate this condition. Ultimately, the ALJ must reconsider whether the claimant is disabled under the Social Security Act and render a new decision. The ALJ may conduct any further proceedings deemed necessary, but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED in part and REMANDED for further proceedings.**

This, the 19th day of January, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE